UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHEAL W. PINES (#447161)

VERSUS                                          CIVIL ACTION

CLIFF HURST, ET AL                              NUMBER 14-66-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein. Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 21, 2014.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHEAL W. PINES (#447161)

VERSUS                                    CIVIL ACTION

CLIFF HURST, ET AL                        NUMBER 14-66-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to pay the court's filing fee. Record document number 9.

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Feliciana Parish Transitional Work Release Program Acting Warden Cliff Hurst, Cindy Hooge, Clyde Williams and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. Plaintiff alleged that he was removed from the East Feliciana Parish Work Release Program after being issued a disciplinary report for violating the drug policy. Plaintiff alleged that white offenders who also violated the work release drug policy were not punished in the same manner as the plaintiff.

On February 24, 2014, the plaintiff was ordered to pay an initial partial filing fee in the amount of $5.31 within 20 days.[1]

---

[1] Record document number 6.

The order clearly notified the plaintiff that it was his responsibility to pay the initial partial filing fee.[2]

On April 10, 2014, the plaintiff was ordered to show cause on April 25, 2014, why his complaint should not be dismissed for failure to pay the filing fee. In addition to filing a written response, the plaintiff was ordered to file copies of his inmate account statements for the months of January, February, March and April 2014.[3] Although the plaintiff was placed on notice that the failure to respond to the order and to file the monthly statements may result in the dismissal of his complaint, he failed to respond to the order.

Because the plaintiff failed to pay the court's initial partial filing fee, and failed to respond to the show cause order and file the account statements as required, the complaint should

---

[2] *Id.* at 1-2:
**Plaintiff** shall be required to pay an initial partial filing fee and thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid.
    IT IS FURTHER ORDERED that within 20 days from the date of this order the **plaintiff shall pay an initial partial filing fee ... It is the plaintiff's responsibility to pay the initial partial filing fee.**
(emphasis added).

[3] The monthly account statements contain information regarding the plaintiff's daily account activity. Specifically, the account statements contain information regarding deposits, withdrawals and canteen purchases. The information contained in the monthly statements would show whether the plaintiff had money to spend following the issuance of the order to pay the filing fee and whether the plaintiff spent the money on something other than the filing fee.

be dismissed without prejudice.[4]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, May 21, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Assuming a dismissal without prejudice would effectively be a with-prejudice dismissal because a re-filed complaint would be untimely, the dismissal is still warranted because the plaintiff's claim is frivolous. Plaintiff did not dispute that he violated the drug policy. Plaintiff's claim that other offenders did not receive the same punishment as he did does not rise to the level of a constitutional violation. The Equal Protection Clause mandates similar treatment for those similarly situated. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 442, 105 S.Ct. 3249, 3255 (1985); *Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991). Plaintiff alleged no facts which even suggests that he was similarly situated with the other offenders.